**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RUSSELL E. NEWKIRK, M.D. and
LISLE A. EATON, JR., M.D.,**

                Plaintiffs,        1:06-CV-0553
                                        (GLS/RFT)

    v.

**CLINOMICS BIOSCIENCES, INC. and
CYTOMYX HOLDINGS, PLC a/k/a
CYTOMYX HOLDINGS GROUP,**

                Defendants.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| GLEASON, DUNN LAW FIRM<br>40 Beaver Street<br>Albany, New York 12207 | MARK T. WALSH, ESQ. |
| **FOR THE DEFENDANTS:** | |
| **For Clinomics Biosciences, Inc.:** | |
| (No appearance on record) | |
| **For Clytomyx Holdings, PLC a/k/a<br>Clytomyx Holdings, Group:** | |
| LURIE, KRUPP LAW FIRM<br>One McKinley Square<br>Boston, Massachusetts 02109 | DAVID E. LURIE, ESQ. |

HISCOCK, BARCLAY LAW FIRM   MICHAEL J. GRYGIEL, ESQ.
50 Beaver Street, Fifth Floor
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Newkirk and Eaton allege, *inter alia*, that Clinomics Biosciences, Inc. (Clinomics) and Cytomxy Holdings, PLC (Cytomx) breached a two-year employment contract. Pending is plaintiffs' motion to remand the case to the Supreme Court of New York, Albany County pursuant to 28 U.S.C. § 1447(c). *See Dkt. No. 8.* For the reasons that follow, the motion to remand is denied.

### II. Facts

Newkirk and Eaton are licensed physicians in the State of New York specializing in pathology. *See Pl. Compl.,* ¶¶ 1-2*; Dkt. No. 1*. On June 1, 2004, plaintiffs entered into a written two-year agreement with Clinomics. *See id.* at ¶ 5. Under the agreement, plaintiffs directed the day-to-day operations of Clinomics' histology laboratory and provided a combined total of six hours of pathology consulting services. *See id.* at ¶¶ 6-7. In

2

exchange for their services, Clinomics agreed to pay each plaintiff the total sum of $60,000.00 annually at a bi-weekly rate of $2,307.70. *See id.* at ¶ 7. Clinomics also agreed to pay both plaintiffs a combined total sum of $300.00 per hour for each hour of consulting. *See id.* at ¶ 9.

In April 2005, Clinomics ceased the bi-weekly payments required by the agreement. *See id.* at ¶ 11. Simultaneously, Cytomyx purchased Clinomics by acquiring all of its stock, *see id.* at ¶ 13, and plaintiffs contend that Cytomyx assumed all of Clinomics' contractual obligations when it did so. *See id.* at ¶ 14.

### III. Procedural History

On March 29, 2006, plaintiffs filed a summons and complaint in the Albany County Clerk's office. *See Pl. Memo; Dkt. No. 8.* On April 6, service of process was made on Clinomics by personally delivering and leaving a copy of the summons and complaint with the New York Secretary of State's office. *See id.* Notice of service was sent by registered mail, return receipt requested, to Clinomics' registered agent and to the last known address of Clinomics c/o Mr. Stephen Turner, president of Clinomics. *See id.* On April 10, Clinomics' registered agent received service and signed the green return receipt card enclosed with the mailing.

3

*See id.*

On May 5, Cytomyx filed a notice of removal with the United States District Court for the Northern District of New York. *See Dkt. No. 1*. Despite the passage of thirty days, Clinomics did not consent to the removal of this action pursuant to 28 U.S.C. § 1446. On May 9, plaintiffs filed their affidavit of compliance with the Albany County Clerk's Office pursuant to their service obligations under New York Business Corporation Law section 307. *See Karabel Aff.,* ¶ 9*; Dkt. No. 8*. On June 1, Cytomyx filed an answer. *See Def. Ans.; Dkt. No. 4*.

## IV. Discussion[1]

### A. Remand

Plaintiffs maintain that the court should remand the action to state court because of a flaw in the removal procedure. 28 U.S.C. § 1447(c) "authorizes a remand on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994) (internal quotation marks and citation omitted). "On a motion to

---

[1] Plaintiffs do not contest that diversity of citizenship exists between the parties or that the amount in controversy exceeds $75,000.00. Accordingly, if the court finds that removal was proper, its subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332.

4

remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Wilds v. UPS, Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (internal quotation marks and citation omitted). "Unless that burden is met, the case must be remanded back to state court." *Id.* (internal quotation marks and citation omitted).

**B.    Removal**

Plaintiffs argue that removal was improper because Cytomyx did not obtain Clinomics' consent. In contrast, Cytomyx contends that it was not required to obtain Clinomics' consent because: (1) Clinomics was not subject to the state court's jurisdiction on the date Cytomyx sought removal; and (2) Clinomics is a nominal party to the lawsuit. Because the court agrees that Cytomyx was not required to obtain Clinomics' consent to removal, plaintiffs' motion to remand is denied.

Federal courts narrowly construe the removal statute, "resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991). The federal statute governing removal provides:

> any civil action brought in a State court of which the district courts of

> the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. 1441(a).

In order for removal under § 1441(a) to be effective, the removing defendants must file a notice of removal with the federal court within thirty days of the defendant's receipt, through service or otherwise, of the complaint. *See* 28 U.S.C. § 1446(b). Although this time limit is not jurisdictional, it is rigorously enforced, absent a finding of waiver or estoppel. *See Somlyo*, 932 F.2d at 1046.

Moreover, the United States Supreme Court has held that the removal clock is triggered once the plaintiff has fully complied with formal service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). In explaining its holding, the Supreme Court observed that, "service of process, under longstanding tradition in our system of

6

justice, is fundamental to any procedural imposition on a named defendant....In the absence of service of process (or waiver by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* at 350.  Consequently, this "reasoning supports the conclusion that the time for removal commences when service is completed and jurisdiction over the defendant has been obtained." *Ward v. Aetna Life Ins. Co.*, 98-CV-542, 1999 U.S. Dist. LEXIS 5133, at *2 (W.D.N.Y. 1999).

"Although *Murphy Bros.* only involved a single defendant, its holding nonetheless applies to the multiple defendant context." *Piacente v. State Univ. of N.Y. at Buffalo*, 362 F. Supp. 2d 383, 388 (W.D.N.Y. 2004).  The Supreme Court expressly stated that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.*, 526 U.S. at 347.  "Consequently, if a person or entity becomes a party only upon service of process, it logically follows that a person or entity may only be required to 'take action' by filing a notice of removal once he/she or it has become a party to the litigation via formal service of process." *Piacente*, 362 F. Supp. 2d at 389 (citing *Murphy Bros.*, 526 U.S. at 347).

7

### 1. The Unanimity Rule[2]

Although there is no express statutory requirement that all defendants consent to removal, the Second Circuit has explicitly held that "all the defendants must join in seeking removal." *Bradford v. Harding*, 284 F.3d 307, 309 (2d Cir. 1960); *see also Novick v. Bankers Life Ins. Co.*, 410 F. Supp. 2d 98, 100 (E.D.N.Y. 2006) ("all [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper."). This is known as the "unanimity rule." *See Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d 222, 223 (N.D.N.Y. 2001). This rule applies "regardless of whether federal subject matter jurisdiction is based on diversity or federal question." *Novick*, 410 F. Supp. 2d 100. Although "it is not required that all defendants sign the removal petition itself[,]...courts typically require that each defendant timely submit some form of unambiguous written evidence of consent." *Tate*, 151 F. Supp. 2d at 224. "Stated somewhat differently, as a general rule, the consent of all defendants in a multiparty case is a 'precondition' to removal" unless an exception applies. *Town of Moreau v. N.Y.S. Dep't of Envtl. Co.*, 96-CV-

---

[2]Plaintiffs do not argue that Clinomics' consent, had it consented at all, would have been untimely. Therefore, the court will not discuss the various rules courts use in determining the timeliness of a defendant's consent to a removal petition. For a discussion of these rules, *see Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d 222 (N.D.N.Y. 2001).

983, 1997 U.S. Dist. LEXIS 6519, at *6 (N.D.N.Y. May 5, 1997) (internal quotation marks and citation omitted).  Absent consent of all parties, "the removal petition is defective[,] and the usual course of conduct is for the federal court to remand the action back to state court."  *Tate*, 151 F. Supp. 2d at 223-24.

The unanimity rule is subject to three pivotal exceptions.  *See Norman v. Cuomo*, 796 F. Supp. 654, 658 (N.D.N.Y. 1992).  Thus, a party asserting proper removal may raise an exception to the unanimity rule when: "(1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; [or] (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)."  *Varela v. Flintlock Constr., Inc.*, 148 F. Supp. 2d 297, 300 (S.D.N.Y. 2001).

Here, Cytomyx argues that the circumstances surrounding its removal fall squarely within the first two well-established exceptions to the unanimity rule, namely, the exclusion of defendants not properly served at the time of removal and the exclusion of nominal parties.  As such, Cytomyx maintains that removal was proper, and the court should deny plaintiffs' motion for remand.

9

### a.     Service of Process on Clinomics

Cytomyx claims that on May 5, 2006, when it filed its petition for removal, service of process on Clinomics was incomplete as a matter of procedural law.  Consequently, Cytomyx maintains that Clinomics was not yet subject to state court jurisdiction and was therefore not required to consent to removal.

The parties agree that Cytomyx and Clinomics are unauthorized foreign corporations and that section 307 of New York Business Corporation Law governs service of process in this case.[3]  New York courts

---

[3]Section 307 provides, in pertinent part:

(a) In any case in which a non-domiciliary would be subject to the personal or other jurisdiction of the courts of this state...a foreign corporation not authorized to do business in this state is subject to a like jurisdiction. In any such case, process against such foreign corporation may be served upon the secretary of state as its agent....

(b) Service of such process upon the secretary of state shall be made by personally delivering to and leaving with him or his deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, a copy of such process[.]...Such service shall be sufficient if notice thereof and a copy of the process are:...

> (2) Sent by or on behalf of the plaintiff to such foreign corporation by registered mail with return receipt requested, at the post office address specified for the purpose of mailing process, on file in the department of state, or with any official or body performing the equivalent function, in the jurisdiction of its incorporation, or if no such address is there specified, to its registered or other office there specified, or if no such office is there specified, to the last address of such foreign corporation known to the plaintiff....

(c) 2...[P]roof of service shall be by affidavit of compliance with this section filed, together with the process, within thirty days after receipt of the return receipt signed by the foreign corporation, or other official proof of delivery or of the original envelope

have held that to acquire jurisdiction over an unauthorized foreign corporation, plaintiffs must satisfy the strict service of process procedures prescribed by New York General Business Law § 307.  *See Stewart v. Volkswagen of Am., Inc.*, 81 N.Y.2d 203, 208 (N.Y. Ct. App. 1993) ("When a plaintiff chooses to try to acquire personal jurisdiction pursuant to Business Corporation Law § 307,...the provisions must be strictly complied with[.]..."); *Flick v. Stewart-Warner Corp.*, 76 N.Y.2d 50, 57 (N.Y. App. Ct. 1990) ("[S]trict compliance with the procedures of Business Corporation Law § 307 is required to effect service on an unauthorized foreign corporation.");[4] *Lansdowne Fin. Services, Ltd. v. Binladen*

---

> mailed....Service of process shall be complete ten days after such papers are filed with the clerk of the court.

N.Y. BUS. CORP. § 307(a)-(c).

[4]Cytomyx cites *Flick v. Stewart-Warner Corp.*, 76 N.Y.2d 50, 56 (N.Y. Ct. App. 1990), for the proposition that service on Clinomics was not complete until ten days after plaintiffs filed their affidavit of compliance with the state court.  In *Flick*, the plaintiff served an out-of-state corporation through the secretary of state.  The corporation filed a motion to dismiss for ineffective service.  The court held that process had not been effectively served because the procedures set forth in N.Y. Business Corporation Law § 307 were jurisdictional and had to be strictly complied with.  The *Flick* court explained,

> [r]egardless of whether service is effected personally (§ 307(b)(1)) or by registered mail (§ 307(b)(2)) an affidavit of compliance must be filed in accordance with section 307(c)(1) or section 307(c)(2) with the clerk of the court in which the action is pending within 30 days after such service.  In either case, service of process is not complete until *ten days after [the affidavit of compliance containing proof of service is] filed* with the clerk of the court[.]

*Flick*, 76 N.Y.2d at 55.

*Telecommunications Co. Ltd.*, 95 A.D.2d 711, 712 (1st Dep't 1983) ("In order for service of process to be complete under section 307...of the Business Corporation Law, proof of service must be made by filing an affidavit of compliance."); *Newman v. G. D. Searle & Co.*, 50 A.D.2d 574 (2d Dep't 1975) (court dismissed case for improper service when plaintiff served summons and complaint upon unauthorized foreign corporation and failed to comply with the other procedural requirements of section 307); *Koepke v. Bilnor Corp.*, 55 Misc. 2d 928, 934 (N.Y. Sup. Ct. 1968) ("Inasmuch as plaintiff did not fully comply with the statutory method of service of process chosen by him, the 'service' he made was insufficient for this court to exercise its jurisdiction over [defendant]."). The Court of Appeals of New York has explicitly held that "a failure to adhere to the filing requirements of Business Corporation Law § 307(c)(2) is a jurisdictional defect requiring dismissal." *Reed v. Gowanda Nursing Home*, 5 A.D.3d 987, 987-88 (4th Dep't 2004) (citing *Flannery v. GMC*, 86 N.Y.2d 773 (N.Y. App. Ct. 1995)).[5]

---

[5] Plaintiffs cite a host of federal cases in support of their contention that the removal clock is triggered once a party, through service of the initial pleading, knows what the suit is about. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 203 (2d Cir. 2001). The court agrees with plaintiffs that these cases support their conclusion that a case is removable when the initial pleading "enables the defendant to 'intelligently ascertain' removability from the face of such pleading." *Id.* However, the cases cited by plaintiffs fail to take into account the well-

12

Here, Cytomyx filed its petition for removal on May 5, 2006. At that time, plaintiffs had not filed an affidavit of compliance in satisfaction of their service of process obligations under New York Business Corporation Law section 307.[6] Because failure to strictly comply with section 307 is a jurisdictional defect, the state court lacked jurisdiction over Clinomics on May 5th, when Cytomyx filed its removal petition.

As stated, a defendant not subject to state court jurisdiction through proper service of process at the time of removal is excused from the unanimity requirement. *See Varela*, 148 F. Supp. 2d at 300. Here, Clinomics was not subject to the state court's jurisdiction until plaintiffs filed their affidavit of compliance on May 9th pursuant to section 307. Since Cytomyx filed its removal petition on May 5th, it was not required to obtain Clinomics' consent . Accordingly, removal was proper, and plaintiffs'

---

established exceptions to the unanimity rule, as this court must.
    In particular, plaintiffs rely on *Tate v. Mercedes-Benz USA, Inc.*, in support of their argument that Clinomics' consent to removal was required since it was already in receipt of the summons and complaint when Cytomyx filed its petition for removal. The issue in *Tate* was not whether the state court from which the action was removed had jurisdiction over the non-consenting defendant. Here, Cytomyx claims that Clinomics was *not subject to the state court's jurisdiction* prior to its removal and thus excused from the unanimity rule. As discussed herein, failure to strictly comply with section 307 of New York Business Corporation Law is a jurisdictional defect giving rise to dismissal. *See Reed v. Gowanda Nursing Home*, 5 A.D.2d 987, 988 (4th Dep't 2004). As such, plaintiffs' failure to file their affidavit of compliance pursuant to section 307 is a jurisdictional defect, and at the time Cytomyx filed its removal petition, the state court lacked jurisdiction over Clinomics.

    [6]Plaintiffs did not file their affidavit of compliance until May 9th.

13

motion to remand is denied.[7]

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' motion to remand is **DENIED**, and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

August 15, 2006
Albany, New York

*[signature]*
Gary L. Sharpe
U.S. District Judge

---

[7] Since the court finds that the first exception to the unanimity rule applies in this case, it is not necessary to consider the merits of the nominal party exception.